## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRADLEY CRAWFORD *et al.*,

                    Plaintiffs,

          v.

FCA US LLC *et al.*,

                    Defendant.

Case No. 2:20-cv-12341

Hon. Stephen J. Murphy, III

### PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF PROPOSED CO-LEAD CLASS COUNSEL

Plaintiffs Bradley Crawford, Christian Christensen, Glenn Brainard, Jacob Lane, Russell Raley, Hank Vanderhulst, Michael O'Brien, Dennis Sullivan, Matthew Ogren, Shaun Graham, Brandon Bailey, Gregory Briggs, Kara Gulbranson, Derek Griesel, Patrick Phelan, James Deale, Paul Maier, Nathan Felker, Greg Gouker, Leroy Mault, Dennis Diaz, Reyes Vargas, Gary Grendahl, Kevin Hunting, Justin Ewing, and Kwaterski Construction, Inc., by and through their attorneys, respectfully moves the Court for an Order:

1.      Granting preliminary approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement");

2.      For settlement purposes only, and pursuant to the terms of the Settlement

Agreement, preliminarily certifying the proposed Settlement Class[1] to provide notice to the members of the proposed Settlement Class;

3.      Approving the form and content of the proposed Class Notices, and directing the distribution of the proposed Class Notices, attached to the Settlement Agreement as Exs. A & B.

4.      Authorizing and directing the Parties to retain Epiq as the Settlement Administrator;

5.      Appointing The Miller Law Firm, PC, Hagens Berman Sobol Shapiro, LLP, and Robins Kaplan, LLP as Proposed Co-Lead Class Counsel; and

6.      Scheduling a date for the Final Approval Hearing not earlier than one hundred and eighty (180) days after Preliminary Approval is granted.

In support of this Motion, Plaintiffs have contemporaneously filed a Memorandum of Law, with exhibits attached thereto.

In accordance with E.D. Mich. L.R. 7.1(a), Plaintiffs' counsel sought the concurrence of Defendant's counsel in the relief sought by this motion on August 1, 2025, and Defendant's counsel stated that Defendant does not oppose the relief requested herein.

For the reasons set forth in the Memorandum of Law, Plaintiffs respectfully

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Settlement Agreement dated July 31, 2025, filed concurrently herewith as Exhibit 1. Plaintiffs' counsel will obtain the Plaintiffs' signatures on the Settlement Agreement prior to filing their motion for final approval of the settlement.

request that the Court grant this Unopposed Motion.

DATED: August 1, 2025                    Respectfully submitted,

                                         /s/ *E. Powell Miller*
                                         E. Powell Miller (P39487)
                                         Dennis A. Lienhardt (P81118)
                                         **THE MILLER LAW FIRM, P.C.**
                                         950 W. University Drive, Suite 300
                                         Rochester, MI 48307
                                         Telephone: (248) 841-2200
                                         epm@millerlawpc.com
                                         dal@millerlawpc.com

                                         Steve W. Berman
                                         Shelby Smith
                                         **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                         1301 Second Avenue, Suite 2000
                                         Seattle, WA 98101
                                         Telephone: (206) 623-7292
                                         steve@hbsslaw.com
                                         shelby@hbsslaw.com

                                         Stacey P. Slaughter
                                         J. Austin Hurt
                                         **ROBINS KAPLAN LLP**
                                         800 LaSalle Avenue, Suite 2800
                                         Minneapolis, MN 55402
                                         Telephone: (612) 349 8500
                                         sslaughter@robinskaplan.com
                                         ahurt@robinskaplan.com

                                         *Attorneys for Plaintiffs and the*
                                         *Proposed Classes*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRADLEY CRAWFORD *et al.*,

               Plaintiffs,

      v.

FCA US LLC *et al.*,

               Defendant.

Case No. 2:20-cv-12341

Hon. Stephen J. Murphy, III

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF PROPOSED <u>CO-LEAD CLASS COUNSEL</u>

i

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether Plaintiffs' settlement with Defendant, embodied in the Settlement Agreement (Attached as Ex. 1), is fair, reasonable, and adequate and should be preliminarily approved?

     Plaintiffs' Answer: Yes.

2. Whether the Court should provisionally certify the Settlement Class as it is defined herein under Federal Rules of Civil Procedure 23(a) and 23(b)(3)?

     Plaintiffs' Answer: Yes.

3. Whether the Court should appoint The Miller Law Firm, PC, Hagens Berman Sobol Shapiro, LLP, and Robins Kaplan, LLP as Proposed Co-Lead Class Counsel since they have extensive experience in class action litigation and have ensured the matter is prosecuted efficiently and effectively?

     Plaintiffs' Answer: Yes.

4. Whether the Court should approve the Parties' proposed notices to Class Members where they fairly and fully apprise the prospective Members of the Class of the terms proposed in the Settlement, the reasons for the Settlement, and the legal effect of the Settlement, and provide Class Members with an opportunity to lodge objections and/or opt out, and whether the Court should authorize the Parties to retain Epiq as the Settlement Administrator?

     Plaintiffs' Answer: Yes.

5. Whether the Court should set a date for a final fairness hearing to consider any objections to the proposed settlement?

     Plaintiffs' Answer: Yes.

## **TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................1

II.     FACTUAL BACKGROUND ...................................................3

III.    PROCEDURAL HISTORY ....................................................4

IV.     THE SETTLEMENT AGREEMENT AND TERMS ................6

   A.      The Proposed Settlement Class ....................................6

   B.      The Settlement Benefits and Settlement Consideration ...........................7

     1.   Warranty Extension and Reimbursement ................................7

     2.   Reimbursement Program ........................................7

   C.      Release of Claims ....................................................8

   D.      Settlement Notice and Right to Opt Out....................................8

   E.      Attorneys' Fees and Expenses and Plaintiffs' Service Award ................9

V.      THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY
CERTIFIED ................................................................10

   A.      The Settlement Class Satisfies the Requirements of Rule 23(a) ...........11

   B.      The Settlement Class May Be Properly Certified Under Rule 23(b)(3) 13

VI.     THE PROPOSED SETTLEMENT SATISFIES THE STANDARDS FOR
PRELIMINARY APPROVAL....................................................14

   A.      Rule 23(e)(2)(A) and *UAW* Factor 3: Plaintiffs and Proposed Co-Lead
Class Counsel Have Adequately Represented the Class, Including Through
Extensive Discovery....................................................15

   B.      Rule 23(e)(2)(B) and *UAW* Factor 1: The Proposed Settlement is the
Product of Arm's-Length Negotiation Among Experienced Counsel and There
is No Fraud or Collusion. ....................................................16

   C.      Rule 23(e)(2)(C) and *UAW* Factors 2 and 4: The Relief Under the
Proposed Settlement is Adequate in Light of the Complexity, Expense and
Likely Duration of the Litigation, the Likelihood of Success on the Merits, and
Other Considerations....................................................17

   D.      Rule 23(e)(2)(D): The Settlement Treats Class Members Equitably
Relative to Each Other. ....................................................19

   E.      The Remaining *UAW* Factors Support Preliminary Approval. .............20

VII.    THE COURT SHOULD APPOINT THE PROPOSED CO-LEAD CLASS
COUNSEL....................................................21

VIII.   THE FORM AND MANNER OF NOTICE ARE PROPER ................23

IX.     CONCLUSION ....................................................25

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
　521 U.S. 591 (1997) .................................................................................11

*Beattie v. CenturyTel, Inc.*,
　511 F.3d 554 (6th Cir. 2007) ...................................................................13

*Chapman v. Gen. Motors LLC*,
　2023 WL 2746780 (E.D. Mich. Mar. 31, 2023).......................................13

*Daffin v. Ford Motor Co.*,
　458 F.3d 549 (6th Cir. 2006) ............................................................ 11, 12

*Daoust v. Maru Restaurant, LLC*,
　2019 WL 2866490 (E.D. Mich. July 3, 2019)..................................... 17, 23

*Duffy v. Mazda Motor of America, Inc.*,
　2025 WL 517608 (W.D. Ky. Feb. 17, 2025).............................................18

*Eisen v. Porsche Cars N.Am., Inc.*,
　2014 WL 43900 (C.D. Cal. Jan. 30, 2014)...............................................18

*In re Auto. Parts Antitrust Litig.*,
　2018 WL 11373135 (E.D. Mich. Nov. 8, 2018) ......................................20

*In re Delphi Corp. Sec.*,
　248 F.R.D. 483 (E.D. Mich. 2008)...........................................................12

*In re FCA US LLC Monostable Electronic Gearshift Litig.*,
　334 F.R.D. 96 (E.D. Mich. 2019)..............................................................12

*In re Home Point Cap. Inc. Sec. Litig.*,
　2024 WL 3273275 (E.D. Mich. June 28, 2024).......................................21

*In re Packaged Ice Antitrust Litig.*,
　2011 WL 6209188 (E.D. Mich. Dec. 13, 2011).......................................18

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
　722 F.3d 838 (6th Cir. 2013) ...................................................................11

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen.
　Motors Corp.*,
　497 F.3d 615 (6th Cir. 2007) ............................................. 10, 14, 15, 21

*Klee v. Nissan N. Am., Inc.*,
　2015 WL 4538426 (C.D. Cal. July 7, 2015) ............................................18

*Mullins v. Data Mgmt. Co.*,
　2021 WL 2820560 (S.D. Ohio June 21, 2021)........................................15

*Persad v. Ford Motor Co.*,
　2021 WL 6197051 (E.D. Mich. Dec. 30, 2021)........................................16

*Raymo v. FCA US LLC*,
  2023 WL 6429548 (E.D. Mich. Sept. 30, 2023) .......................................... *passim*
*Rutherford v. City of Cleveland*,
  137 F.3d 905(6th Cir. 1998) ................................................................................12

## Rules

Fed. R. Civ. P. 23(a)............................................................................... 10, 11
Fed. R. Civ. P. 23(a)(1)................................................................................11
Fed. R. Civ. P. 23(b)....................................................................................10
Fed. R. Civ. P. 23(b)(3)................................................................................13
Fed. R. Civ. P. 23(c)(2)................................................................................23
Fed. R. Civ. P. 23(c)(2)(B)...........................................................................24
Fed. R. Civ. P. 23(e)......................................................................... 14, 15, 23
Fed. R. Civ. P. 23(e)(1)................................................................................23
Fed. R. Civ. P. 23(e)(2)................................................................................14
Fed. R. Civ. P. 23(e)(2)(C)(ii).......................................................................19
Fed. R. Civ. P. 23(e)(2)(C)(iii)......................................................................19
Fed. R. Civ. P. 23(e)(2)(C)(iv)......................................................................19
Fed. R. Civ. P. 23(g)....................................................................................21
Fed. R. Civ. P. 23(g)(1)(A)...........................................................................21
Fed. R. Civ. P. 23(h)....................................................................................24

## <u>TABLE OF MOST CONTROLLING AUTHORITIES</u>

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Raymo v. FCA US LLC*, 2023 WL 6429548 (E.D. Mich. Sept. 30, 2023)

Fed. R. Civ. P. 23

## I.   INTRODUCTION

Plaintiffs and Defendant FCA US, LLC ("FCA US" or "Defendant" and collectively with Plaintiffs, the "Parties") have reached a proposed settlement resolving allegations that 2014-2019 Dodge Ram 1500 EcoDiesel Trucks manufactured between June 12, 2013 and October 23, 2019 ("Class Vehicles") contained defective Exhaust Gas Recirculation ("EGR") coolers ("EGR Cooler Defect" or the "Defect"). Plaintiffs allege that the EGR coolers were susceptible to thermal fatigue, leading the coolers to crack over time and leak coolant, which can cause combustion within the intake manifold and lead to a vehicle fire. Internal FCA US documents showed that FCA US was aware of the EGR cooler defect as early as 2016, approximately three years before announcing the recall in October 2019. In the meantime, FCA US sold tens of thousands of defective vehicles to consumers. Vehicle owners, including the majority of the Plaintiffs, experienced catastrophic fires due to this condition. Other members of the proposed Settlement Class faced significant delays before receiving the recall. All Settlement Class Members were allegedly injured at the point of sale upon paying a premium price for trucks as designed, and the recall did not necessarily remediate the loss. FCA US denies these allegations and that Plaintiffs and members of the Settlement Class suffered any injury.

Over the past year, the Parties have participated in two formal mediation sessions with the assistance of experienced mediator Tom McNeill of McNeill ADR,

PLLC. The Parties have also engaged in numerous individual discussions with the mediator and several arm's-length negotiations with each other. As a result of these negotiations, Plaintiffs have achieved a settlement that will provide substantial relief to the Class. The benefits the Settlement Class Members will receive as a result of this Settlement are entirely fair, reasonable, and adequate, especially in light of the substantial risks posed by continued litigation.

Under the terms of the Settlement Agreement, attached hereto as Ex. 1, FCA US will provide a warranty extension that covers the cost needed to repair a condition caused by the EGR cooler from five years from the date of the Class Vehicle receiving the EGR cooler recall replacement. If a Settlement Class Member already incurred out-of-pocket costs related to repairs of the EGR cooler during that time period, FCA US will reimburse those costs based on proof of payment. The warranty extension is not personal to any owner or lessee and follows the individual Class Vehicle.

FCA US will also allocate $750,000 to reimburse Settlement Class Members who paid out-of-pocket for expenses related to the EGR Cooler Defect, including tow truck services, rental cars, and coolant.

Finally, any Settlement Class Member who submits a claim form and documentation showing that the Class Vehicle experienced a fire will receive a $3,000 payment from FCA US.

Taken together, this is a significant result for the Settlement Class, which seeks to both compensate truck owners who have already experienced out-of-pocket costs for a repair or suffered from devastating engine fires, and provide some peace of mind for current truck owners who are concerned about future EGR failures.

The Settlement satisfies all the prerequisites for preliminary approval, and Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement, provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23, appoint The Miller Law Firm, PC, Hagens Berman Sobol Shapiro, LLP, and Robins Kaplan, LLP as Proposed Co-Lead Class Counsel, and direct the proposed Class Notices be distributed to Settlement Class Members.

## II.   FACTUAL BACKGROUND

Plaintiffs are purchasers and lessees of Class Vehicles which, unknown to them, contained the EGR Cooler Defect. The Defect can cause the EGR cooler to crack and emit vaporized coolant into the truck's system, which may result in an engine fire. *See* ECF No. 78, PageID.5584.

Plaintiffs allege that FCA US was aware of the EGR Cooler Defect in 2016 and that it officially opened an investigation in January 2017. *Id.* By November 5, 2019, FCA had identified thousands of EGR cooler leaks dating back to June 2015. *Id.* at PageID.5585. Despite this knowledge, FCA US did not announce a recall of the Class Vehicles until October 2019, admitting that the EGR coolers were defective and could

lead to cracks and vehicle fires. *Id.* at PageID.5583-84. FCA US estimated that 100% of the recalled Class Vehicles contained the EGR Cooler Defect and instructed their authorized dealers to tell Class Members to check their coolant levels weekly. *Id.* at PageID.5584. It then took multiple months for the recall remedy to become available to Class Members. *See, e.g., id.* at PageID.5585-5591.

Both prior to the recall announcement, and while the Class Members were waiting for the recall remedy to become available, many Plaintiffs and Class Members suffered coolant leak and vehicle fires. *See, e.g.,* ECF No. 22 at PageID.2203-2321. Plaintiffs in this case, on behalf of themselves and the Class Members, alleged economic harm for overpaying for these defective vehicles and for the out-of-pocket costs incurred as a result of the Defect. *Id.* at PageID.2323-2324.

## III.   PROCEDURAL HISTORY

This action was originally filed on August 27, 2020. ECF No. 1. The First Amended Complaint was filed on December 2, 2020. ECF No. 19. After consolidation of the three pending cases, ECF No 20, the Consolidated Class Action Complaint ("CCAC") was filed on January 11, 2021. ECF No. 22.

On August 13, 2021, the Court entered an Order Granting in Part and Denying in Part FCA US's motion to dismiss. ECF No. 35. The Court dismissed Plaintiffs' fraud and consumer protection claims, as well as some breach of implied warranty, unjust enrichment, and recission claims. *Id.* at PageID.4073-74. The Court, however,

declined to dismiss many of Plaintiffs' breach of implied warranty, unjust enrichment, and recission claims, as well as all of Plaintiffs' breach of contract claims. *Id.*

On September 22, 2021, the Court entered its Scheduling Order, which set forth deadlines for the close of discovery, class certification, and trial. ECF No. 43. Since that time, the Parties have diligently litigated this case, including negotiations of an ESI protocol and protective order, motion practice on the location and manner of Plaintiff depositions, the completion of written discovery and depositions of Plaintiffs, and the review and production of over 48,000 pages of documents from FCA (all of which Plaintiffs have reviewed).

On April 17, 2023, the Court entered the Parties' Stipulation allowing FCA US to file two summary judgment motions, including one addressed at the Plaintiffs who did not suffer a vehicle fire, and stayed the case pending the outcome of that motion. ECF No. 67. On May 26, 2023, FCA US filed that motion for summary judgment (ECF No. 71) and, after full briefing (ECF Nos. 78, 84), the Court held a hearing in-person on December 13, 2023 (ECF No. 91).

On March 4, 2024, the Court entered its Opinion and Order Granting in Part and Denying in Part the Motion for Summary Judgment. ECF No. 92. The Court dismissed those Plaintiffs' unjust enrichment claims and Plaintiff Ewing's breach of contract and violation of MMWA claims. *Id.* at PageID.6340. The Court denied the motion as to the other claims, including FCA US's contentions that the non-fire

5

Plaintiffs suffered no cognizable injury and thus lacked standing and the free repairs meant their claims were moot. *Id.* at PageID.6319-6323.

After the Court's ruling, the Parties agreed to retain Tom McNeill of McNeill ADR to serve as mediator in this case. ECF No. 100. The first mediation session took place on July 18, 2024, and discussions continued after conclusion of the session. The Court entered a stay of all deadlines while the Parties continued resolution efforts. *Id.* The Parties participated in a second formal mediation session with Mr. McNeill on December 3, 2024. The Parties finalized and executed the Settlement Agreement on July 31, 2025.

## IV.   THE SETTLEMENT AGREEMENT AND TERMS

### A. The Proposed Settlement Class

Plaintiffs seek to certify the following Class for Settlement purposes only:

> All individuals who purchased or leased in the United States a Model Year 2014-2019 Dodge Ram 1500 EcoDiesel Truck manufactured between June 12, 2013 and October 23, 2019.

*See* Ex. 1 (Settlement Agreement), ¶ 2.6.

Excluded from the Settlement Class are: FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; and current or former owners

of Class Vehicles who previously released their claims in an individual settlement with FCA US relating to the Action. *Id.*

## B. The Settlement Benefits and Settlement Consideration

The Settlement provides significant benefits to the Settlement Class, which is nationwide in scope.

### 1. Warranty Extension and Reimbursement

FCA US will provide a warranty extension applicable to the Class Vehicles that covers the cost of all parts and labor needed to repair a condition caused by the EGR cooler. *Id.*, ¶¶ 3.1-3.6.  The warranty extension provides coverage for five (5) years from the date of the EGR cooler recall replacement being performed. *Id.*, ¶ 3.1.  If a Class Member has already incurred out-of-pocket cost related to an EGR cooler repair during that time period, FCA US will reimburse those costs upon the Class Member's submission of proof of repair and proof of payment of those out-of-pocket costs. *Id.*, ¶ 3.2. The extended coverage follows the Class Vehicles and is not personal to any owner or lessee. *Id.*, ¶ 3.4. Class Members do not need to submit any claim to receive the warranty extension. *Id.*, ¶ 3.3.

### 2. Reimbursement Program

FCA US will allocate $750,000 to reimburse Class Members who paid out-of-pocket for expenses related to the alleged EGR cooler defect, including tow truck services, rental cars, and coolant. *Id.*, ¶¶ 3.7-3.15. Claims shall not exceed $500 per

Class Vehicle for rental car reimbursements and claims shall not exceed $75 for coolant reimbursements. *Id.*, ¶ 3.7. A Class Member must submit proof of payment of these expenses to the Settlement Administrator. *Id.*, ¶ 3.9. If all valid claims exceed $750,000, the claims will be paid on a pro rata basis. *Id.*, ¶ 3.7.

Class Members who submit a Claim Form and documentation showing that their Class Vehicle experienced a fire that was caused by a failed EGR cooler will receive a $3,000 payment. *Id.*, ¶ 3.8.

## C. Release of Claims

Plaintiffs and the Settlement Class will release Defendant from liability for any claim relating to a defective EGR cooler in a Class Vehicle. *Id.*, ¶¶ 6.1-6.11. The release of liability does not include claims for death, personal injuries, damage to tangible property other than a Class Vehicle, or subrogation. *Id.*

## D. Settlement Notice and Right to Opt Out

The Settlement provides for direct notice of its terms to Class Members. FCA US is responsible for all Administration Expenses, including Class Notice. *Id.*, ¶ 4.1.

Within 30 days of the Court entering the preliminary approval order, FCA US will provide the Settlement Administrator with all available Vehicle Identification Numbers ("VINs") for purposes of mailing a notice substantially in the form attached as Ex. A. to the Settlement Agreement (the "Short-Form Notice"). *Id.*, ¶ 4.6.

The Settlement Administrator will also set up and maintain a settlement website where Class Members can access a "Long-Form Notice," attached as Ex. B to the Settlement Agreement; a copy of the Settlement Agreement; the operative complaint; and additional information about the Action and Settlement. *Id.*, ¶ 4.5. The Short-Form Notice will include the address of the settlement website, as well as a toll-free number for an interactive voice recording service that allows Class Members to request a paper copy of the Long-Form Notice. *Id.*

Any Class Member may make a request for exclusion by submitting a request in writing pursuant to the instructions in the Settlement Agreement, *id.*, § VIII, and which will be detailed in the Class Notice. The deadline for submitting such a request will be specified in the Court's preliminary approval order. Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any right or benefit under the Settlement Agreement. *Id.*, ¶ 8.6.

### E. Attorneys' Fees and Expenses and Plaintiffs' Service Award

Plaintiffs intend to file a motion for attorneys' fees, service awards, and expenses prior to the final approval hearing. The Parties have agreed that Proposed Co-Lead Class Counsel may apply to the Court for up to $2,450,000, inclusive of all attorneys' fees and expenses. *Id.*, ¶ 5.1. These attorney fees and expenses shall not

reduce or otherwise have any effect on the benefits made available to the Settlement Class. *Id.*, ¶ 5.2.

Further, the Parties have agreed that Proposed Co-Lead Class Counsel may request a Service Award of $5,000 for each Plaintiff appointed as a Class Representative that FCA US separately pays. *Id.*, ¶ 5.3. Proposed Co-Lead Class Counsel may also provide an additional $2,500 out of its award of Attorneys' Fees and Expenses to some or all of the Class Representatives at Proposed Co-Lead Class Counsel's discretion. *Id.*

## V. THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY CERTIFIED

Along with granting preliminary approval of the Settlement, the Court should preliminarily certify the Settlement Class and appoint Plaintiffs as class representatives. A proposed settlement class must satisfy the requirements of Rule 23. *See Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) ("*UAW*"). A certified class must satisfy Rule 23(a)'s four prerequisites: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. *See* Fed. R. Civ. P. 23(a). The proposed class must also meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23(b).

District courts are given "broad discretion to decide whether to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850

(6th Cir. 2013). The fact that the Parties have reached a settlement in this matter is a relevant consideration in the class certification analysis. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619, 620 (1997) (noting when certifying a settlement-only class, "a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial").

## A. The Settlement Class Satisfies the Requirements of Rule 23(a)

The proposed Settlement Class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation.

*Numerosity*. The Class, consisting of current and former owners and lessees of approximately 100,000 Class Vehicles, is "so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1); *see also Raymo v. FCA US LLC*, 2023 WL 6429548, at \*5 (E.D. Mich. Sept. 30, 2023) (certifying settlement class of 17,705 class members).

*Commonality*. Common issues of fact and law are present because the Class's causes of action all flow from the same alleged common defect. *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (affirming finding of commonality based on an alleged uniform design defect in vehicles). These common issues include whether the EGR Cooler Defect exists in the Class Vehicles, whether FCA US had knowledge of the Defect when they placed the Class Vehicles into the stream of commerce, whether FCA US knowingly failed to disclose the existence and cause of

the Defect in the Class Vehicles, whether FCA US had a duty to disclose the Defect in the Class Vehicles; and whether the Defect rendered the Class Vehicles unmerchantable. *See, e.g.*, *Raymo*, 2023 WL 6429548, at \*5 ("Class members share common questions of law and fact surrounding whether the same two alleged uniform defects in their trucks exist and whether Cummins had knowledge of those defects.").

**Typicality**. Typicality requires that a "sufficient relationship exists between the injury to the named plaintiff and conduct affecting the class." *In re FCA US LLC Monostable Electronic Gearshift Litig.*, 334 F.R.D. 96, 105 (E.D. Mich. 2019). This case satisfies typicality, as the Settlement Class's claims "arose from the same course of conduct and common [EGR Cooler Defect]" as Plaintiffs' claims. *Raymo*, 2023 WL 6429548, at \*5.

**Adequacy.** Adequate representation requires "an absence of a conflict of interest, and the presence of common interests and injury[.]" *See Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). There is no conflict here as Plaintiffs' claims and the Class's claims are "based on the presence of a defect regardless of manifestation." *See Daffin*, 458 F.3d at 553-554. The proposed class representatives must also "vigorously prosecute the interests of the class through qualified counsel." *See In re Delphi Corp. Sec.*, 248 F.R.D. 483, 494 (E.D. Mich. 2008). Proposed Co-Lead Counsel have demonstrated vigorous and effective prosecution on behalf of the Settlement Class. *See infra*, § VII.

### B. The Settlement Class May Be Properly Certified Under Rule 23(b)(3)

The Settlement Class satisfies Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate" and a class action "is superior to other available methods" for adjudication. Fed. R. Civ. P. 23(b)(3).

*Predominance*. Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007). In this case, common proof would establish the existence of the EGR Cooler Defect, FCA US's knowledge of the Defect, FCA US's concealment of the Defect, and damages sustained by Class Members. *See Raymo*, 2023 WL 6429548, at *5 (finding predominance because the "conduct regarding [the defect] claims was the same across all allegedly affected trucks"). Courts have routinely found that similar common issues predominate in automotive defect cases. *See, e.g.*, *Chapman v. Gen. Motors LLC*, 2023 WL 2746780, at *8-9 (E.D. Mich. Mar. 31, 2023) (presence of common defect and "question of whether and when GM knew about this defect" satisfied predominance requirement).

*Superiority*. Class-wide resolution of this Action is the superior method of adjudication, as "an individual truck owner or lessee is unlikely to shoulder the burden of litigation alone against a major corporate entity[.]" *See Raymo*, 2023 WL 6429548, at *5. Moreover, "it is much more efficient for the courts to resolve these claims uniformly in one fell swoop." *Id.*

13

## VI.   THE PROPOSED SETTLEMENT SATISFIES THE STANDARDS FOR PRELIMINARY APPROVAL

Rule 23(e) governs the settlement of class actions. *See* Fed. R. Civ. P. 23(e).

Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate." *UAW*,

497 F.3d at 631. Rule 23(e)(2) sets forth factors to assist the Court in making this

determination:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i)     the costs, risks and delay of trial and appeal;
> > (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv)    any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

In turn, the Sixth Circuit utilizes seven factors in evaluating class action

settlements, some of which overlap with Rule 23(e)(2): "(1) the risk of fraud or

collusion; (2) the complexity, expense and likely duration of the litigation; (3) the

amount of discovery engaged in by the parties; (4) the likelihood of success on the

merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631.

In considering these factors, courts recognize the "federal policy favoring settlement of class actions" (*see UAW*, 497 F.3d at 632) and apply a "strong presumption" in favor of finding a settlement to be fair. *See Mullins v. Data Mgmt. Co.*, 2021 WL 2820560, at *4 (S.D. Ohio June 21, 2021).  Finally, this Court "need not consider every factor in every case, nor need it weigh every factor equally. Instead, the court may choose to 'consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case.'" *Raymo*, 2023 WL 6429548, at *3. Rule 23(e) and the *UAW* factors supports approval of the Settlement.

### A. Rule 23(e)(2)(A) and *UAW* Factor 3: Plaintiffs and Proposed Co-Lead Class Counsel Have Adequately Represented the Class, Including Through Extensive Discovery

Plaintiffs and proposed Co-Lead Class have adequately represented the class. Proposed Co-Lead Class Counsel have handled this matter on a contingency basis, and the Settlement comes after more than four years of litigation. Proposed Co-Lead Class Counsel have vigorously investigated the facts and allegations underlying the matter, reviewed comprehensive discovery (including approximately 48,000 pages of confidential internal FCA US documents), and have consulted with experts to review the information and analyze the Defect. This allowed Proposed Co-Lead Class

Counsel to make informed decisions regarding the terms of the Settlement Agreement and sufficiently assess whether they are fair, reasonable, and adequate. For their part, Plaintiffs have cooperated with their counsel and stayed abreast of all litigation activity. Each Plaintiff participated in document and written discovery, and nearly all Plaintiffs were deposed.

### B. Rule 23(e)(2)(B) and *UAW* Factor 1: The Proposed Settlement is the Product of Arm's-Length Negotiation Among Experienced Counsel and There is No Fraud or Collusion

The Parties have at all relevant times been represented by experienced counsel. Proposed Co-Lead Class Counsel have significant experience litigating numerous consumer class actions, including automotive defect cases. *See* Exs. 2-4. The Settlement Agreement was achieved only after arm's-length and good faith negotiations between the Parties, as well as multiple mediation sessions with mediator Tom McNeill. As such, there is no indication of fraud or collusion. *See Raymo*, 2023 WL 6429548, at *4 (holding no indications of fraud or collusion and noting that the negotiations were facilitated by mediator); *Persad v. Ford Motor Co.*, 2021 WL 6197051, at *2 (E.D. Mich. Dec. 30, 2021) (finding "[s]ettlement is fair, reasonable, and adequate, and serves the best interests of the [s]ettlement [c]lass" where "[t]he [s]ettlement was the result of arm's-length negotiation involving a mediator by experienced counsel").

16

**C. Rule 23(e)(2)(C) and *UAW* Factors 2 and 4: The Relief Under the Proposed Settlement is Adequate in Light of the Complexity, Expense and Likely Duration of the Litigation, the Likelihood of Success on the Merits, and Other Considerations**

The Settlement comes at an opportune time given that, if the litigation continues, there will be substantial additional expenses to the Parties associated with necessary expert discovery, depositions, class certification motion practice, the prospect of FCA US filing an additional summary judgment motion related to those Plaintiffs who suffered engine fires, and pre-trial preparations. *Raymo*, 2023 WL 6429548, at *4 (approving settlement reached "well before trial, fact and expert discovery, and dispositive motion practice, all of which will require greater cost, time, and effort to navigate . . . before delivering potential relief to class members"). This Settlement prevents the need for additional, drawn-out proceedings that would likely have consumed thousands of hours in attorney time, millions of dollars in litigation expenses for both Parties, and delayed relief to the Class. *See Daoust v. Maru Restaurant, LLC*, 2019 WL 2866490, at *2 (E.D. Mich. July 3, 2019) ("If forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling. The Settlement, on the other hand, provides substantial relief . . . promptly and efficiently[.]").

And while Proposed Co-Lead Class Counsel believe that Plaintiffs would ultimately prevail at trial, and while FCA US similarly believes it would ultimately prevail, the Parties recognize that ultimate success is not assured. *See, e.g.*, *In re*

17

*Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *11 (E.D. Mich. Dec. 13, 2011) (approving settlement because while plaintiff may "remain optimistic about their ultimate chance of success[,] there is always a risk that Defendants could prevail with respect [to] certain legal or factual issues"). Even if Plaintiffs prevailed at trial, it could be years before a Settlement Class Member receives any benefit due to the potential for post-trial motions and appeals.

In contrast to the uncertainty and delays attendant to protracted litigation, the settlement provides significant, easy to obtain benefits for Class Members, including a warranty extension, reimbursement for certain out-of-pocket expenses, and a direct payment of $3,000 for Class Members who suffered vehicle fires. *See supra*, § IV. The benefits of extended warranties as settlement consideration has been recognized by numerous courts. *See Klee v. Nissan N. Am., Inc.*, 2015 WL 4538426, at *8 (C.D. Cal. July 7, 2015) (extended warranty was fair settlement consideration because it was directed at repairing the alleged harm); *Eisen v. Porsche Cars N.Am., Inc.*, 2014 WL 43900, at *8 (C.D. Cal. Jan. 30, 2014) (noting "it is significant that the Settlement Agreement provides extended warranty coverage that exceeds the warranties provided" at the time of purchase). The same could be said for the reimbursements available to Class Members. *See, e.g., Duffy v. Mazda Motor of America, Inc.*, 2025 WL 517608, at * (W.D. Ky. Feb. 17, 2025) (finding settlement agreement that

18

provides capped reimbursements for out-of-pocket expenses provided "adequate relief").

As for the other considerations under Rule 23(e)(2)(C), the Settlement's proposed method of distributing relief to the Class is not unduly burdensome. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii). All Class Members will automatically receive the benefit of the warranty extension, and the need to submit proof of expenses or documentation of a vehicle fire is proper to deter fraud. Finally, the amount of attorneys' fees and litigation expenses that will be sought are reasonable, as will be discussed in the forthcoming motion. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii). More importantly, the payment of attorneys' fees and costs will not reduce the benefits to the Settlement Class. *See supra*, § IV.E.[2]

### D. Rule 23(e)(2)(D): The Settlement Treats Class Members Equitably Relative to Each Other.

The proposed Settlement treats Settlement Class Members equitably relative to each other. Current owners and lessees benefit from the warranty extension, and all current and former owners and lessees are entitled to claim reimbursement of certain out-of-pocket costs incurred. The Settlement also treats owners who purchased new and used vehicles equally. As for Class Members who suffered vehicle fires, all will receive $3,000.

---

[2] There are no side agreements to disclosed under Rule 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2)(C)(iv).

The fact that the Proposed Co-Lead Class Counsel will request Service Awards for the named Plaintiffs is no barrier to finding the Settlement's equitable treatment of the Class. The Service Awards are justified given the extensive involvement of each Plaintiff in the case, including participating in discovery. *See supra*, § IV.E. Absent class members are still eligible for monetary relief and enrollment in the extended warranty, and the Service Awards will not reduce their benefits in any amount. And given that Class Members can seek reimbursement for up to $500 for tow services and rental cars, full reimbursement for any repair to the EGR cooler paid out-of-pocket, and $3,000 in compensation for a vehicle fire, the named Plaintiffs' Service Awards will likely not exceed a reasonable multiplier of recovery preventing approval. *See, e.g., Raymo*, 2023 WL 6429548, at *4 (granting preliminary approval of settlement where named plaintiffs received a service award more than 34 times the amount that absent class members would receive).

## E. The Remaining *UAW* Factors Support Preliminary Approval.[3]

*UAW Factor 5: The Opinions of Class Counsel and Class Representatives.* In considering approval of a proposed settlement, the Court should also consider "the judgment of counsel." *In re Auto. Parts Antitrust Litig.*, 2018 WL 11373135, at *6 (E.D. Mich. Nov. 8, 2018). Proposed Co-Lead Class Counsel have extensive

---

[3]As for *UAW* Factor 6, since class notice has not yet been provided at the preliminary stage, the Court "must wait to hear from objectors or class members that opt out after class notice is sent in order to assess the reaction of absent class members." *See Raymo*, 2023 WL 6429548, at *5.

experience in handling class action cases, including automotive defect cases. *See* Exs.

2-4. Proposed Co-Lead Class Counsel have thoroughly investigated and analyzed the

claims alleged in this Action, have made informed judgements regarding the

Settlement and believe it is fair, reasonable, and adequate. All Plaintiffs also support

the Settlement.

   ***UAW Factor 7: The Public Interest***. "[T]here is a strong public interest in

encouraging settlement of complex litigation and class action suits because they are

notoriously difficult and unpredictable and settlement conserves judicial resources." *In*

*re Home Point Cap. Inc. Sec. Litig.*, 2024 WL 3273275, at \*4 (E.D. Mich. June 28,

2024) (internal citation omitted). Here, it is in the public interest to approve this

Settlement. The Settlement provides extensive benefits (including a warranty

extension and reimbursement for past out-of-pocket costs), resolves the claims of the

Class, eliminates the risk of non-recovery on behalf of the Class, provides certainty to

the Parties and the Class, and eases the burden on the Court's resources. These

reasons, plus the "federal policy favoring settlement of class actions[,] weighs in favor

of the settlement." *Raymo*, 2023 WL 6429548, at \*5 (citing *UAW*, 497 F.3d at 632).

## VII.   THE COURT SHOULD APPOINT THE PROPOSED CO-LEAD CLASS COUNSEL

   Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs also moves to appoint The Miller

Law Firm, PC, Hagens Berman Sobol Shapiro, LLP, and Robins Kaplan, LLP as

Proposed Co-Lead Class Counsel. Rule 23(g)(1)(A) focuses on the qualifications of

class counsel to adequately represent the interests of class members, and instructs a court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class

*Id.* Here, each of Rule 23(g)(1)(A)'s considerations weigh strongly in favor of appointing Proposed Co-Lead Class Counsel. Specifically, Proposed Co-Lead Class Counsel committed significant resources and performed substantial work identifying and investigating potential claims and supporting the allegations in the complaint. As part of their investigation and work, Proposed Co-Lead Class Counsel consulted with experts and carefully reviewed public materials along with documents and information (totaling over 48,000 pages) produced by Defendant. Proposed Co-Lead Counsel also successfully overcame Defendant's bids to dismiss the case and win summary judgment over the claims of the non-fire named Plaintiffs.

As reflected in their firm resumes, Proposed Co-Lead Class Counsel have substantial experience successfully prosecuting class actions and other complex litigation. *See* Exs. 2-4. Hence, Proposed Co-Lead Class Counsel's extensive efforts in prosecuting this case, combined with their in-depth knowledge of the subject area, satisfy Rule 23(g).

## VIII.   THE FORM AND MANNER OF NOTICE ARE PROPER

The manner in which the Class Notice is disseminated, as well as its content, must satisfy Fed. R. Civ. P. 23(c)(2) (governing class certification notice), Rule 23(e)(1) (governing settlement notice), and due process. *See Daoust v. Maru Rest., LLC*, 2019 WL 1055231, at \*2 (E.D. Mich. Feb. 20, 2019); *Raymo*, 2023 WL 6429548, at \*6 (listing requirements of class notice).

Rule 23(e) requires that notice of a proposed settlement be provided to class members. Notice satisfies the Rule when it adequately puts settlement class members on notice of the proposed settlement and "describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust*, 2019 WL 1055231, at \*2.

Here, following the Court granting preliminary approval of the Settlement, the Settlement Administrator will provide the Short-Form Notice by direct U.S. mail. *See* Ex. 1, ¶ 4.4. The Settlement Administrator will also set up and maintain a settlement website where Class Members can access a "Long-Form Notice," a copy of the Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. *Id.*, ¶ 4.5. The Short-Form Notice will include the address of the settlement website, as well as a toll-free number for an interactive voice recording

service that allows Class Members to request a paper copy of the Long-Form Notice. *Id.*

The proposed notice plan satisfies all of Rule 23's requirements. The language of the Class Notice was drafted jointly by the Parties and is written in plain, simple terminology, including: (1) a description of the Settlement Class; (2) a description of the claims asserted in the action; (3) a description of the Settlement benefits and release of claims; (4) the deadlines and instructions for requesting exclusion; (5) the identity of Co-Lead Class Counsel for the Settlement Class; (6) the Final Approval Hearing date; (7) an explanation of the of eligibility for appearing at the Final Approval Hearing; and (8) the deadline and instructions for objecting to the Settlement. *See Raymo*, 2023 WL 6429548, at *6 (approving notice with similar information).  The Class Notice thus will allow Settlement Class Members to make an informed and intelligent decision on whether to submit a Claim Form, exclude themselves, or object to the Settlement. In addition, pursuant to Fed. R. Civ. P. 23(h), the proposed Class Notice sets forth the maximum amount of Attorneys' Fees and Expenses and Service Awards that will be sought.

The dissemination of the Class Notice likewise satisfies all requirements of Rule 23(c)(2)(B), which requires the "best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Settlement Administrator will mail the Short-Form

Notice to the last known address of the identifiable members of the Settlement Class. *See* Ex. 1, ¶ 4.6. If any Class Notice is returned as undeliverable, the Settlement Administrator shall perform a reasonable search for a more current address and re-send the Class Notice. *Id.*, ¶ 4.8.

## IX.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court: (1) grant preliminary approval of the Settlement as fair, reasonable, and adequate, and in the best interest of the Class Members; (2) preliminarily certify the proposed Settlement Class for settlement purposes only; (3) preliminarily appoint The Miller Law Firm, P.C.., Hagens Berman Sobol Shapiro, L.L.P., and Robins Kaplan, L.L.P. as Proposed Co-Lead Class Counsel; (4) approve the form and content of, and direct the distribution of, the proposed Class Notice, and authorize and direct the Parties to retain Epiq as Settlement Administrator; and (5) schedule a Final Approval Hearing not earlier than 180 days after Preliminary Approval is granted.

DATED: August 1, 2025                    Respectfully submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
epm@millerlawpc.com
dal@millerlawpc.com

Steve W. Berman
Shelby Smith
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com
shelby@hbsslaw.com

Stacey P. Slaughter
J. Austin Hurt
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349 8500
sslaughter@robinskaplan.com
ahurt@robinskaplan.com

*Attorneys for Plaintiffs and the
Proposed Classes*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2025, the foregoing document was electronically filed using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.


/s/ *E. Powell Miller*
E. Powell Miller (P39487)