UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY CRAWFORD, et al.,

                Plaintiffs,

v.

FCA US LLC,

                Defendant.

_____/

Case No. 2:20-cv-12341

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING THE CLASS, APPROVING
CLASS COUNSEL AND CLASS REPRESENTATIVES, APPROVING THE
SETTLEMENT NOTICE, AND SCHEDULING A
DATE FOR A FAIRNESS HEARING [120]**

Plaintiffs moved for preliminary approval of an automotive class action settlement and for appointment of co-lead class counsel. ECF No. 120. Defendants agreed with the motion. ECF No. 124. Having reviewed the settlement agreement and associated documents, the Court will grant the motion.

## BACKGROUND

Plaintiffs purchased or leased Dodge Ram 1500 EcoDiesel Trucks that were manufactured between June 12, 2013 and October 23, 2019 ("class vehicles"). ECF No. 22, PageID.2203–2321. The vehicles allegedly contained defective Exhaust Gas Recirculation ("EGR") coolers. ECF No. 22, PageID.2327–2328. Some of Plaintiffs' engines caught fire. *See id.* at PageID.2192–2193. Defendant allegedly knew about the EGR cooler defect as early as 2014 but did not announce a recall until October 2019. *Id.* at PageID.2339. Ultimately, however, Defendant voluntarily recalled

1

vehicles from 2014–2019 that "may have been built with Exhaust Gas Recirculation (EGR) coolers that are susceptible to thermal fatigue . . . . [and thus] may cause the cooler to crack internally over time." ECF No. 22-43, PageID.3379

Plaintiffs filed suit in August 2020. ECF No. 1. The Court later consolidated three related cases, and Plaintiffs filed a consolidated class action complaint in January 2021. ECF No. 22. Defendant moved to dismiss the consolidated class action complaint. ECF No. 25. The Court then dismissed some of Plaintiffs' claims. ECF No. 35, PageID.4072–75. But the Court did not dismiss many of Plaintiffs' claims for breach of implied warranty, unjust enrichment, or recission, and it did not dismiss any of Plaintiffs' claims for breach of contract. *Id.*

The parties engaged in extensive discovery and motion practice. *See* ECF No. 120, PageID.6437. Defendant later moved for summary judgment on the remaining claims, ECF No. 71, and the Court granted the motion in part and denied it in part. ECF No. 92. The Court granted summary judgment on Plaintiff Ewing's claims for breach of contract and breach of warranty. *Id.* The Court also granted summary judgment on Plaintiffs' claims for unjust enrichment. *Id.* But the Court denied summary judgment on the other claims. *Id.* And the Court denied summary judgment on the issues of standing, mootness, notice and statute of limitations. *Id.*

The parties participated in two formal mediation sessions on July 18, 2024, and December 3, 2024, individual discussions with the mediator, and direct settlement negotiations. ECF No. 120, PageID.6438. Because of those efforts, the parties eventually reached a settlement. The parties informed the Court that they

resolved the dispute, and the Court dismissed the case without prejudice. ECF No. 107. The parties executed the Settlement Agreement on July 31, 2025. ECF No. 120-2, PageID.6488.

Plaintiffs filed the instant, unopposed Motion for Preliminary Approval of Class Action Settlement on August 1, 2025. ECF No. 120. Defendant noted that, while it "does not agree with every characterization of the issues set forth in Plaintiffs' motion," it "supports the settlement's approval and the Court's entry of an order preliminarily approving it." ECF No. 124, PageID.6796–6797.

The proposed Settlement Agreement defines the settlement class as: "[a]ll individuals who purchased or leased in the United States a Model Year 2014–2019 Dodge Ram 1500 EcoDiesel Truck manufactured between June 12, 2013 and October 23, 2019." ECF No. 120-2, PageID.6465.

Defendant agreed to provide a warranty extension for five years from the date of the EGR cooler recall replacement. *Id.* at PageID.6469. The warranty covers the costs of all parts and labor needed to repair a condition caused by the EGR cooler. *Id.* at PageID.6469. And Defendant will reimburse any class member who has already incurred out-of-pocket costs related to an EGR cooler repair during that time period. *Id.* at PageID.6470. Defendant agreed to allocate $750,000 for the reimbursements. *Id.* at PageID.6471–6473.

Meanwhile, class members who submit a claim form and documentation to show that their vehicle caught on fire due to a failed EGR cooler will receive a $3,000 payment. *Id.* at PageID.6471.

3

Plaintiffs and the Settlement Class will release Defendant from any liability, excluding "claims for death, personal injuries, damage to tangible property other than a Class Vehicle, or subrogation." *Id.* at PageID.6476–6479.

Class members will receive by direct U.S. Mail the "Short-Form Notice" that includes the terms of the settlement agreement. *Id.* at PageID.6474. The Attorney General of the United States and the attorney generals of each state or territory where a class member resides will also receive notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. *Id.* at PageID.6473–6474. The Short-Form Notice will include the settlement website address where class members can access the "Long-Form Notice." *Id.* at PageID.6474. Defendant agreed to provide the Settlement Administrator with all available Vehicle Identification Numbers and contact information for each class member to mail the Short-Form Notice. *Id.* at PageID.6474.

The parties agreed that proposed Co-Lead Class Counsel may apply for up to $2,450,000 in attorneys' fees and expenses. *Id.* at PageID.6475. The fees and expenses will not reduce the benefits to the class members. *Id.*

Finally, the parties also agreed that Defendant will pay a service award of $5,000 for each Plaintiff appointed as a Class Representative *Id.* at PageID.6475–6476. The service awards will not reduce the benefits made available to class members. Proposed Co-Lead Counsel may also provide $2,500 out of its award of attorneys' Fees and Expenses to some or all of the Class Representatives at its discretion. *Id.*

## DISCUSSION

Federal Rule of Civil Procedure 23(e) requires court approval of class-action settlements. Approval involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, i.e., the court should determine whether the compromise embodied in the decree is illegal or tainted with collusion; (2) members of the class must be given notice of the proposed settlement; and (3) a hearing must be held to determine whether the decree is fair to those affected, adequate and reasonable." *Doe v. Deja Vu Servs.*, 2017 WL 2629101, at *1 (E.D. Mich. 2017) (quoting *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001)). Thus, the Court will rule on preliminary class certification, preliminary settlement approval, approval of class notice, class representatives, and proposed class counsel.

I.   Preliminary Certification of the Proposed Class

Plaintiffs moved for preliminary class certification for settlement purposes only. ECF No. 120, PageID.6442. For the reasons below, Plaintiffs have preliminarily met the general requirements for class action certification under Federal Rule of Civil Procedure 23(a) as well as the specific requirements of Rule 23(b)(3). "Before preliminarily approving a proposed class settlement, courts must assess whether they can likely certify it." *Arkona LLC v. County of Cheboygan*, No. 1:19-cv-12372, 2025 U.S. Dist. LEXIS 163982, at *18 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).

5

A. *Rule 23(a) Requirements*

Rule 23 allows plaintiffs to sue on behalf of themselves and a class of unnamed individuals who are similarly situated, but only if the prerequisites listed in Rule 23(a) are met. Fed. R. Civ. P. 23(a); *see Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013). To obtain class certification, plaintiffs must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013) (citing Fed. R. Civ. P. 23(a)). Further, a class action must fall within one of the types of class actions listed in Rule 23(b). *Id.* The 23(a) and 23(b)(3) requirements are "not merely a pleading standard;" rather, Plaintiffs must "affirmatively 'prove' that the class meets the prerequisites for certification." *Speerly v. Gen. Motors, LLC*, 143 F.4th 306, 316 (6th Cir. 2025) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Here, the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b)(3) and therefore should be preliminarily certified.

a. *Numerosity*

First, the class is so numerous that joinder of all members is impracticable. There is no strict numerical test to define numerosity under Rule 23(a)(1); "substantial" numbers are sufficient to satisfy the requirement. *In re Whirlpool*, 722 F.3d at 852 (quoting *Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006)).

6

Because the proposed class consists of approximately 100,000 class vehicles, joinder of all members in an individual action would be impracticable. *See* ECF No. 120, PageID.6443.

### b. Commonality

Second, there are questions of law or fact common to the class. Plaintiffs must demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011). To be common, "a question must (1) yield a common answer with common evidence and (2) meaningfully progress the lawsuit. The decisionmaker must be able to resolve the question with a yes-or-no answer for the class in one stroke." *Speerly*, 143 F.4th at 316 (citation modified). Here, all of the issues of fact and law stem from the same alleged injury—whether the alleged EGR Cooler defect exists in the class vehicles, and whether Defendant had knowledge of the defects. *See Daffin*, 458 F.3d at 552 (affirming finding of commonality based on an alleged design defect in vehicles).

### c. Typicality

Third, the claims or defenses of the representative parties here are typical of the claims or defenses of the class. "Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *In re Whirlpool*, 722 F.3d at 852, (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998) (en banc)). Here, the class claims arose from the same course of conduct and common defect— the alleged EGR Cooler defect—as Plaintiffs' claims. *See Raymo v. FCA US LLC*, No.

2:17-cv-12168, 2023 WL 6429548, at *5 (E.D. Mich. Sept. 30, 2023) (finding the same course of conduct and common defect in Dodge Rams with Cummins engines).

### d. Adequacy of Representation

Fourth, the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). There are two factors for determining adequacy of representation. First, "the representative must have common interests with unnamed members of the class," and second, "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012).

The Court is satisfied at this stage that the class representatives have common interests with the unnamed members. Both named and unnamed class members suffered from the alleged EGR defect. In addition, whether their vehicles caught fire from the defect or not, unnamed class members have people to represent their interests. *Compare* ECF No. 22, PageID.2229–2238 (O'Brien's truck caught fire) *and id.* at PageID.2203–2208 (Crawford's truck caught fire), *with id.* at PageID.2225– 2229. (Vanderhulst's truck did not catch fire) *and id.* at PageID.2284–2289 (Mault's truck did not catch fire).

Plaintiffs also moved to appoint The Miller Law Firm, PC, Hagens Berman Sobol Shapiro, LLP, and Robins Kaplan, LLP as proposed Co-Lead Class Counsel. The lawyers at these firms have experience litigating similarly sized class actions and other complex litigation, *see* ECF Nos. 120-3–5, PageID.6535–6791, have vigorously

litigated this case, and affirm that they will continue to do so. ECF No. 120, PageID.6454.

The Court finds that the class preliminarily satisfies the Rule 23(a) adequacy requirements.

### B. *Rule 23(b) Requirements*

Plaintiffs also moved for certification under the Rule 23(b) requirements. ECF No. 120, PageID.6445. Rule 23(b)(3) contains two principal requirements— predominance and superiority—that Plaintiffs have preliminarily satisfied. *See Speerly*, 143 F.4th at 316.

First, questions common to the class must predominate over questions affecting only individual members. *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 622 (E.D. Mich. 2020). "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011) (citing *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007)).

Post-settlement, "the analysis of the predominance requirement must account for the fact that [the] class is proposed for settlement purposes only and that the alleged wrongdoing arises out of a common set of facts." *In re Flint Water Cases*, 499 F. Supp. 3d 399, 424 (E.D. Mich. 2021). "Settlements obviate the difficulties inherent in proving the elements of varied claims at trial, and consequently, courts are more inclined to find the predominance test met in the settlement context." *Id.* at 424

(citation modified); *see also Amchem Prods.*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").

Here, as a preliminary matter, the Court finds that the questions of law or fact common to class members predominate over any questions that affect only individual members. Defendant allegedly engaged in a single course of conduct with respect to all members of the proposed class. Namely, Plaintiffs alleged the existence of an EGR cooler defect, Defendant's knowledge and concealment of the defect, and damage sustained by class members. The alleged defect claims are the same across all affected class vehicles.

Second, class resolution must be superior to alternative methods for adjudicating the controversy. *In re Flint Water Cases*, 499 F. Supp. 3d at 425. Class certification is superior when class members are not likely to file individual actions because the cost of litigation would be far greater than any potential recovery. *In re Whirlpool*, 722 F.3d at 861.

The Court also finds that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. A class action here would achieve efficiency and uniformity among the putative class members. The Court has considered the class members' interests in individually controlling the prosecution or defense of separate actions, any litigation concerning the controversy already begun by or against class members, the desirability of concentrating the litigation of the

claims in the particular forum, and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b). Litigating those issues on a class-wide basis is the superior method of adjudication as an individual owner of a class vehicle is much less likely to litigate this action alone against "a major corporate entity." *See Raymo*, 2023 WL 6429548, at *5.

The Court emphasizes that the class is preliminarily certified for settlement purposes only. The Court is mindful of the Sixth Circuit's recent decision in *Speerly*. There, the Court directed district courts to conduct an "element-by-element, claim-by-claim inquiry" into the commonality and predominance factors. *Speerly*, 143 F.4th at 317.

At the preliminary stage, the Court is satisfied that the class should be preliminarily certified and the settlement preliminarily approved in order to advance towards class notification. But the parties should address *Speerly* going forward. More specifically, the parties should address how the facts of this case and settlement, especially considering the numerous and varying state law claims, should inform the element-by-element, claim-by-claim analysis of each individual state claim that the Court must conduct prior to final approval of the settlement and final certification of the class for settlement purposes only. *See id.* at 319–20.

Still, the Court finds that the class will likely satisfy the Rule 23(b)(3) requirements and therefore should be preliminarily certified.

II.    <u>Preliminary Approval of Settlement Agreement</u>

Next, Plaintiffs moved unopposed for preliminary approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(2). ECF No. 120, PageID.6446. The Court preliminarily finds that the Settlement Agreement between Plaintiffs and Defendant is fair, reasonable, adequate, and in the best interests of the class members.

Rule 23(e)(1)(B) authorizes a court to grant preliminary approval of a proposed class action settlement so long as the court finds that it will "likely be able to" grant final approval to the settlement. At the preliminary approval stage, the Court considers the factors set forth in Rule 23(e)(2) to determine whether the settlement is "fair, reasonable, and adequate." The factors include:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> >
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

The Rule 23(e)(2) factors "largely encompass[] seven factors known as the *UAW* factors, which the Court of Appeals for the Sixth Circuit uses in its fairness analysis." *Smith v. Specialty Networks LLC*, No. 1:24-cv-286, 2025 WL 1944022, at *3 (E.D.

12

Tenn. July 15, 2025). The overlapping UAW factors are: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).[1]

Given the 2018 Amendment to Rule 23(e), the Court will proceed using the factors enumerated in the Rule 23(e) that incorporate the same considerations as the UAW factors. *See also Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818 (E.D. Mich. 2008) ("[T]he district court may choose to 'consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case.'") (citation omitted).

Approval of a class settlement is discretionary, and the Court's acceptance of the settlement is reviewed for abuse of discretion. *Robinson v. Shelby Cty. Bd. of Educ.*, 566 F.3d 642, 647 (6th Cir. 2009). At the preliminary approval stage, the Court considers "whether the settlement is fair enough" to begin class notice. *Garner Props. & Mgmt.*, 333 F.R.D. at 626.

---

[1] Before 2018, Rule 23(e)(2) directed courts to determine whether proposed class action settlements were "fair, adequate, and reasonable," but the rule did not list factors. *See* Fed. R. Civ. P. 23(e)(2) (2017). Courts in the Sixth Circuit analyzed settlements using the *UAW* factors. Effective December 1, 2018, Rule 23(e) was amended to enumerate a "shorter list of core concerns" for courts to use when evaluating a class action settlement. *See* Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes.

As noted *supra*, Plaintiffs and proposed Co-Lead Class Counsel have adequately represented the class after more than four years of litigating this case. Furthermore, the Court finds that the Settlement Agreement was the result of an arm's-length negotiation, and is satisfied, at this preliminary juncture, that there is no indication of fraud or collusion. In their unopposed motion, Plaintiffs note that the settlement was reached after discussions among experienced counsel, as well as after "multiple sessions with mediator Tom McNeill." ECF No. 120, PageID.6448.

What is more, after years of litigating the case, the parties are (unsurprisingly) confident in their respective positions, both believing that they would prevail should the case go to trial. *See* ECF No. 120, PageID.6449; ECF No. 124, PageID.6796–6797. The parties wish to settle before incurring even more attorneys' fees and undergoing the risks inherent, especially for class members, with dispositive motions and eventually trial. As Plaintiffs note, even if the Plaintiffs prevailed at trial, it "could be years before a Settlement Class Member receives any benefit." ECF No. 120, PageID.6450.

Furthermore, Plaintiffs demonstrated, and the Court is satisfied, that the class members will receive adequate relief from the Settlement Agreement, rather than waiting years for the case to proceed to trial. Class members will receive a warranty extension, reimbursement for certain out of pocket expenses, and a direct payment of $3,000 for those who suffered vehicle fires. ECF No. 120-2, PageID.6469–6473. And the Court finds the proposed methods for notice and distributing relief effective as

the class members will automatically receive warranty extensions. *Id.* at PageID.6469–6470.

Finally, "[i]n evaluating the fairness of a settlement, therefore, we look in part to whether the settlement gives preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013) (quotations omitted). The Sixth Circuit, "has never approved the practice of incentive payments to class representatives, though in fairness [it has] not disapproved the practice either." *Id.* at 722. Still, courts are wary of settlements "involving a meager recovery for the class but generous compensation for the lawyers." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011).

The Settlement Agreement allows proposed Co-Lead Class Counsel to apply for up to $2,450,000 in attorneys' fees and expenses. ECF No. 120-2, PageID.6475. Furthermore, the named Plaintiffs will be eligible to receive a $5,000 service award with the potential for an additional $2,500 from the attorneys' Fees and Expenses. *Id.* at PageID.6475–6476. A named Plaintiff could thus be awarded $10,500 if their vehicle caught fire, in addition to the warranty extension, and reimbursement program. Class members, on the other hand, can receive of $3,000 if their class vehicle caught fire in addition to the warranty extension and reimbursement program.

While more than three times a payout for the named Plaintiffs versus the class members is a considerable difference, at the preliminary stage, the Court is satisfied that the difference is not so great to warrant denying preliminary approval. *See In re*

15

*Dry Max Pampers Litig.*, 724 F.3d at 722 (finding that the proposed $1,000 incentive award was excessive because unnamed members received "nothing but illusory injunctive relief"); *Raymo*, 2023 WL 6429548, at *4 (granting preliminary approval of settlement where named plaintiffs received a service award more than 34 times the amount that class members would receive). Plaintiffs asserted that the named Plaintiffs' service awards "will likely not exceed a reasonable multiplier of recovery preventing approval." ECF No. 120, PageID.6452. At this preliminary juncture, the Court does not find that the multiple here warrants denying preliminary approval.

As to the attorneys' fees, while high, the Court is satisfied at the preliminary stage that it does not appear to suggest excessive compensation for attorneys and that the proposed Co-Lead Class Counsel have met their fiduciary obligations to the class. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 309 (6th Cir. 2016) (quoting Fed. R. Civ. P. 23(e)(2)). As noted *supra*, proposed Co-Lead Class Counsel litigated the case extensively for over four years, went through extensive efforts in discovery, dispositive motions, and settlement negotiations and got the case to the point of settlement. Further, the attorneys' fees will not reduce any award to class members. ECF No. 120-2, PageID.6475.

Preliminary approval of a class action settlement "is only the first step in an extensive and searching judicial process, which may or may not result in final approval of a settlement." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 337 (N.D. Ohio 2001); Fed. R. Civ. P. 23(e)(2) ("[T]he court may approve [settlement]

16

only after a hearing and only on finding that it is fair, reasonable, and adequate."). The Court will consider the Settlement Agreement once more at the fairness hearing.

In sum, the parties agreed on the principal terms of a class-wide settlement after extensive litigation. At this stage, there are no grounds to doubt the fairness of the proposed Settlement Agreement, and therefore, the proposed Settlement Agreement falls within the range of what ultimately could be considered fair, reasonable, and adequate. The proposed Settlement Agreement thus warrants preliminary approval.

III.   Approval of Class Notice Plan

Plaintiffs also moved for approval of the proposed class notice pursuant to 23(c)(2). The Court approves of the notice plan in form and in substance. Rule 23 and due process require the best notice practicable to class members of any class certified under Rule 23(b)(3), "including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). The substance of the notice to the settlement class must describe in plain language the nature of the action, the definition of the class to be certified, the class claims and defenses at issue, that class members may enter an appearance through counsel, that class members may request to be excluded from the settlement class, and that the effect of a class judgment shall be binding on all class members. Fed. R. Civ. P. 23(c)(2)(B).

The Short-Form Notice will be sent directly by postal mail, and the Long-Form Notice, will be available on the settlement website. ECF No. 120, PageID.6440–6441.

After reviewing the notices, the Court finds that that the proposed plan satisfies due process and all of Rule 23's requirements. It is thus approved.

IV.    Approval of Class Representatives and Proposed Co-Lead Class Counsel

Finally, the Court finds that Plaintiffs are adequate representatives of the class, and that proposed Co-Lead Class Counsel meet the requirements of Rule 23(g). Before appointing class counsel, the court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Proposed Co-Lead Class Counsel are experienced in class actions. They have already done significant work in representing Plaintiffs to date, and the Court has found them to be experienced and knowledgeable. They are hereby appointed as class counsel for the settlement class with all the duties, obligations, and authority provided in Rule 23.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion for Preliminary Approval of Class Action Settlement [120] is **GRANTED.**

**IT IS FURTHER ORDERED** that, for purposes of settlement only, the parties' proposed class action settlement is **PRELIMINARILY APPROVED**.

18

**IT IS FURTHER ORDERED** that, for purposes of settlement only, the Court **CONDITIONALLY CERTIFIES** the settlement class as defined in the proposed Settlement Agreement.

**IT IS FURTHER ORDERED** that Bradley Crawford, Christian Christensen, Glenn Brainard, Jacob Lane, Russell Raley, Hank Vanderhulst, Michael O'Brien, Dennis Sullivan, Matthew Ogren, Shaun Graham, Brandon Bailey, Gregory Briggs, Kara Gulbranson, Derek Griesel, Patrick Phelan, James Deale, Paul Maier, Nathan Felker, Greg Gouker, Leroy Mault, Dennis Diaz, Reyes Vargas, Gary Grendahl, Kevin Hunting, Justin Ewing, and Kwaterski Construction, Inc. are **APPOINTED** as Class Representatives for the Settlement Class.

**IT IS FURTHER ORDERED** that the form and contents of the Short-Form Notice and the Long-Form notice to the members of the settlement class are **APPROVED** and Class Counsel, through the Settlement Administrator, shall **GIVE NOTICE** of the Settlement to the Settlement Class.

**IT IS FURTHER ORDERED** that the parties are **AUTHORIZED** and **DIRECTED** to retain Epiq as the Settlement Administrator.

**IT IS FURTHER ORDERED** that the Settlement Administrator shall **REPORT** to the Parties on a weekly basis the names of all Settlement Class Members who have submitted a request for exclusion and provide copies of any and all written requests for exclusion, beginning thirty (30) days after the notice date.

**IT IS FURTHER ORDERED** that the Settlement Administrator shall provide a list of all Settlement Class Members who have submitted a request for

exclusion to Proposed Co-Lead Class Counsel no later than ten (10) days prior to the Fairness Hearing, and then file with the Court the list of all Settlement Class Members who have submitted a request for exclusion along with an affidavit attesting to the completeness and accuracy thereof no later than ten (10) days prior to the Fairness Hearing.

**IT IS FURTHER ORDERED** that the Miller Law Firm, PC, Hagens Berman Sobol Shapiro, LLP, and Robins Kaplan, LLP are **APPOINTED** as Co-Lead Class Counsel.

**IT IS FURTHER ORDERED** that a Fairness Hearing, to determine whether the settlement should be finally approved, will be **HELD** before this Court on **March 17, 2026** at 10:00 a.m. The Court may adjourn the Fairness Hearing without further notice to members of the settlement class.

**IT IS FURTHER ORDERED** that Class Counsel **FILE** papers in support of their fee award and the class representative's service awards no later than **NINETY DAYS** after the entry of this Order.

**IT IS FURTHER ORDERED** that each potential class member who wishes to object to the proposed Settlement Agreement shall **FILE** objections with the Court and **SERVE** on Class Counsel and Defendant's counsel no later than **120 DAYS** after the issuance of this Order**.**

**IT IS FURTHER ORDERED** that each potential class member who wishes to be excluded from the settlement class shall **OPT-OUT** per the instructions set

forth in the class settlement notice, no later than **150 DAYS** after the issuance of this Order**.**

 **IT IS FURTHER ORDERED** that all papers in support of Final Approval of the Settlement, including any responses by Class Counsel concerning objections, shall be **FILED** no later than **150 DAYS** after the issuance of this Order**.**

 **IT IS FURTHER ORDERED** that any class member who has not properly and timely requested exclusion from the settlement class shall be bound in the event the Court issues a Final Order Approving Settlement.

 **IT IS FURTHER ORDERED** that, pending final determination of the Settlement Agreement, all proceedings in this litigation other than settlement approval proceedings are **STAYED**.

 **IT IS FURTHER ORDERED** that the parties **CARRY OUT** the Settlement Agreement and this Order according to the terms of the Settlement Agreement, or a substantially similar agreement if approved at the Fairness Hearing, in good faith and with reasonable judgment.

 **IT IS FURTHER ORDERED** that, in the event the Court does not grant final approval of the Settlement Agreement following the Fairness Hearing, the Court's Order preliminarily certifying the class shall be null and void.

 **IT IS FURTHER ORDERED** that the Court reserves the right to amend or alter this Order as necessary to maintain manageability over this action and to

remain consistent with the parties' Settlement Agreement.

**SO ORDERED.**

s/ Stephen J. Murphy, III

STEPHEN J. MURPHY, III

United States District Judge

Dated: September 11, 2025